IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARL OLSON, )
 )
    Plaintiff, )
 )
-vs- ) Civil Action No. 17-282
 )
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Background

Plaintiff Carl Ellsworth Olson ("Olson") brings this action pursuant to 42 U.SC. § 405(g) for review of the ALJ's decision denying his claim for disability insurance benefits ("DIB").[2] He alleges a disability beginning on March 15, 2013. (R. 14). Following a hearing before an ALJ, during which time both Olson and a vocational expert ("VE") testified, the ALJ denied his claim. Olson appealed. Pending are Cross Motions for Summary Judgment. *See* ECF docket nos. [18] and [22].

### Legal Analysis

1. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as more than a mere

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.
[2] The ALJ concluded that Olson satisfied the insured status requirements of the SSA through June 30, 2017 (R. 14)

1

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate. *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

      To be eligible for social security benefits, the claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986). The Commissioner has provided the ALJ with a five-step sequential analysis to use when

evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P, appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id. A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

    2. The ALJ's Analysis

At step one, the ALJ found that Olson had not engaged in substantial gainful activity since March 15, 2013, the alleged onset date. (R. 16) At step two, the ALJ concluded that Olson has the following severe impairments: status post kyphoplasty T7-T9, diabetes mellitus, and osteoporosis. (R. 16-17)

At step three, the ALJ concluded that Olson does not have an impairment or combination of impairments that meets or medically equals the severity of one of the

listed impairments in 20 C.F.R. Part 404, Subpt. P, Appendix 1. The ALJ considered Listing 1.04 "and concluded that the claimant's impairments, either single or in combination, do not satisfy the clinical criteria of any of these or other listings…." (R. 17)

Prior to engaging in step four, the ALJ assessed Olson's residual functional capacity ("RFC").[3] The ALJ found Olson able to perform light work with certain limitations. (R. 17-20)

At step four, the ALJ determined that Olson is unable to perform any of his past relevant work. His past relevant work requires a range of medium strength to heavy strength to perform unskilled work to semi-skilled tasks. (R. 20) The demands of such past work exceed Olson's current RFC.

At the fifth step of the analysis, the ALJ concluded that, considering Olson's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. (R. 20) For example, Olson would be able to perform the requirements of representative occupations such as courier / messenger and mail room clerk. (R. 21) Consequently, the ALJ concluded that Olson has not been under a disability, as defined in the Social Security Act, since the date of the alleged onset of disability. (R. 21)

3. Step Two

Olson argues that his ulcerative colitis constitutes a "severe impairment" and that the ALJ erred in failing to reach this conclusion. *See ECF Docket No.* 20, p. 7-8. The

---

[3] "RFC" refers to the most a claimant can still do despite his / her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his / her limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§ 404.1527, 416.927; 20 C.F.R. §§ 404.1546(c), 416.946(c).

4

two-step inquiry into an impairment's severity is a "*de minimis* screening device to dispose of groundless claims." *Newell v. Comm'r. of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003). As set forth in 20 C.F.R. § 404.1521(a), an impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. The regulations define basic work activities as the abilities or aptitudes necessary to do most jobs. 20 C.F.R. § 404.1521(b). Thus, an impairment is not severe if the evidence establishes only a slight abnormality that has no more than a minimal effect on an individual's ability to work. *Newell*, 347 F.3d at 546; *Mays v. Barnhart*, 78 Fed. Appx. 808, 811 (3d Cir. 2003). Any doubt as to whether the step-two showing has been made must be resolved in favor of the claimant. *Newell*, 347 F.3d at 546-47.[4]

Here, Olson challenges the ALJ's conclusion that "[t]he record does not contain any persuasive evidence that the claimant's ulcerative colitis is severe." (R. 17) Olson describes this conclusion as "ridiculous," urging that there are "multiple records from Dr. Schwartz and Singh showing repeated flare-ups…." *See ECF Docket No.* 20, p. 7-8. Olson cites to his own testimony that he requires the use of the bathroom multiple times a day as well as his use of prednisone over the course of many years as a means of controlling his condition as proof of the severity. *Id.* Even accepting this position as correct for purposes of argument, such error was harmless because the ALJ found that Olson suffered from several other impairments which did qualify as "severe." In other

---

[4] Although the Court of Appeals for the Third Circuit has commented that the Commissioner's determination to deny an applicant's request for benefits at step two should be reviewed with close scrutiny, it has also made clear that it does not suggest that a reviewing court apply a more stringent standard of review in such cases. *McCrea v. Comm'r. of Soc. Sec*., 370 F.3d 357, 360 (3d Cir. 2004). Rather, "[t]he Commissioner's denial at step two, like one made at any other step in the sequential analysis, is to be upheld if supported by substantial evidence on the record as a whole." *Id*. at 360-61.

5

words, the ALJ did not end the analysis at the second step. *See Salles v. Commissioner of Soc. Sec.*, 229 Fed. Appx. 140, 145 n. 2 (3d Cir. 2007) (stating that, "[b]ecause the ALJ found in Salle's favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless."), *citing, Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). *See also, Roberts v. Astrue*, Civ. No. 8-625, 2009 U.S. Dist. LEXIS 91559, at * 5, 2009 WL 3183084 (W.D. Pa. Sept. 30, 2009) (finding that, "[e]ven assuming that the ALJ failed to include all of the Plaintiff's severe impairments at step two, this would be harmless error, as the ALJ did not make his disability determination at this step. Indeed, remand would not affect the outcome of this case and is not warranted."); and *Bliss v. Astrue*, Civ. No. 8-980, 2009 U.S. Dist. LEXIS 12172, 2009 WL 413757 (W.D. Pa. Feb. 18, 2009) (stating that, "as long as a claim is not denied at step two, it is not generally necessary for the ALJ to have specifically found any additional alleged impairments to be severe …. Since Plaintiff's claim was not denied at step two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's neuropathy and sleep apnea to be non-severe."). Accordingly, any alleged error was harmless and Olson's contentions are rejected.[5]

    4. <u>Activities of Daily Living</u>

Olson also contends that the ALJ "mischaracterized" his testimony regarding activities of daily living. Olson's contention, which is supported by only one reference to the ALJ's decision and is devoid of any citation to case law, is unpersuasive. It is well-established that the ALJ is charged with the responsibility of determining a claimant's

---

[5] Olson does not allege, nor is there any evidence in the record to suggest, that the ALJ ignored allegations of ulcerative colitis later in his decision. Indeed, the ALJ discussed Olson's multiple colonoscopy results, the use of steroids to treat colitis, and the resulting osteoporosis and spinal fractures throughout his RFC analysis. (R. 17-20)

6

credibility. See *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974). The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." S.S.R. 96-7p. Ordinarily, an ALJ's credibility is entitled to great deference. See *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003).

The ALJ must follow a two-step process when assessing pain: first, he must determine whether there is a medical impairment that could reasonably be expected to produce the plaintiff's pain or other symptoms, and, second, he must evaluate the intensity, persistence, and limiting effects of the plaintiff's symptoms to determine the extent to which they limit the plaintiff's functioning. (R. 17-18) Statements about pain alone, however, do not establish a disability. Allegations of pain must be consistent with objective medical evidence and the ALJ must explain the reasons for rejecting non-medical testimony. *Burnett v. Comm'r. of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000).

In determining the limits on a claimant's capacity for work, the ALJ will consider "the entire case record" including evidence from the treating, examining, and consulting physicians, observations from agency employees, and other factors such as type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. § 416.929(c); SSR 96-7P. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* Inconsistencies in a claimant's testimony or daily activities permit an ALJ to conclude that some or all of the claimant's testimony about his

7

limitations or symptoms is less than fully credible. *See Burns v. Barnhart*, 312 F.3d 113, 129-30 (3d Cir. 2002). (R. 18)

After a review of the record, I find that the ALJ followed the proper method in assessing Olson's activities of daily living and his credibility. (R. 17-18) As the ALJ recognized, consideration of activities of daily living is a component of assessing credibility. (R. 18), *citing*, 20 C.F.R. 404.1529(c) and SSR 96-7p. Further, contrary to Olson's suggestion, the ALJ did not limit his questioning of Olson to yes / no questions. For instance, he asked Olson to describe his pain. (R. 45) Moreover, Olson had the opportunity to provide more thorough answers to questions about activities of daily living when examined by his own counsel. (R. 46-50) In short, there is no basis before me upon which to challenge the ALJ's findings regarding activities of daily living, and / or credibility, and remand is inappropriate on this issue.

5. <u>Medical records</u>

Finally, Olson urges that a remand is necessary in light of medical records from Dr. Singh which were not considered by the ALJ and which the Appeals Council declined to incorporate. *See ECF Docket No.* 20, 9-10.[6] Significantly, a review of the ALJ's decision is not *de novo*. The ALJ's findings of fact are conclusive if supported by substantial evidence. *Matthews v. Eldridge*, 424 U.S. 319, 339, 96 S. Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be

---

[6] It is unclear whether Olson actually submitted the records to the ALJ. Olson writes, "Plaintiff's counsel at the administrative hearing submitted records to the ALJ from Dr. Singh covering the period of June 3, 2014 through November 7, 2015, and mentioned at the hearing that there [sic] had not yet been incorporated into the record at the time of the hearing. However, after the hearing, it appears that only the records from July through November 2015 actually exhibited. Plaintiff's attorney pointed this out to the Appeals Council, submitted the remaining records from June 2013 through June 2015 and asked that they be incorporated." *See ECF Docket No* 20, p. 9.

8

used to argue that the ALJ's decision was not supported by substantial evidence."). My review of the ALJ's decision is limited to the evidence that was before him." *Id.*, 42 U.S.C. 405(g). Therefore, in this case, pursuant to Sentence Four of § 405(g), I cannot look at post-decision evidence that was not first submitted to the ALJ when reviewing his decision.

However, if a claimant proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. § 405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews*, 239 F.3d at 591-93 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS*, 745 F.2d 831, 833 (3d Cir. 1984). In *Szubak v. Sec'y. of HHS*, 745 F.2d 831, 833 (3d Cir. 1984), the Third Circuit Court explained the following:

> As amended in 1980, § 405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material"; it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence relates to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

(citations omitted). "Material" means that the evidence creates a reasonable probability that the new evidence would have changed the ALJ's decision. *Dwyer v. Colvin*, 2014 U.S. Dist. LEXIS 128135, at *36, 2014 WL 4546775 (M.D. Pa. Sept. 12, 2014). All three requirements must be satisfied in order to justify remand. *Szubak*, 745 F.2d at 833. Here, the Appeals Council noted that, "[w]e receive[d] additional evidence that you show is new, material, and relates to the period on or before the date of the hearing decision.

9

You must also show there is a reasonable probability that the additional evidence would change the outcome of the decision. You must show good cause for why you missed informing us about or submitting it earlier." (R. 3) In his brief to this Court, Olson has not articulated good cause, or indeed demonstrated that there is a reasonable probability that the additional evidence would change the outcome of the decision. Consequently, remand is not required.

      An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARL OLSON, )
    Plaintiff, )
)
 -vs- ) Civil Action No. 17-282
NANCY A. BERRYHILL,[7] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

# ORDER OF COURT

Therefore, this 25th day of July, 2018, it is hereby ORDERED that the decision of the ALJ is affirmed. It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 18) is DENIED and Defendant's Motion for Summary Judgment (Docket No. 22) is GRANTED.

    BY THE COURT:

    /s/ Donetta W. Ambrose
    Donetta W. Ambrose
    United States Senior District Judge

---

[7] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.